# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**
**June 27, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-1**          (JCN: 2020010683)

**RICHARD YOST,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc. ("Murray") appeals the December 2, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Richard Yost timely filed a response.[1] Murray did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Yost a 19% permanent partial disability ("PPD") award, and instead granting him an additional 14% PPD award for a total award of 33% PPD.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Yost was employed by Murray as a coal miner. Mr. Yost presented to the Emergency Room at Fairmont Regional Medical Center on October 22, 2019. He reported multiple injuries that occurred the day before when he was operating a man-trip that was struck by a tractor bolt machine. The assessment was lumbar strain with right sciatica, concussion versus tension headache from whiplash, and cervical strain with radicular pain in the right upper extremity.

Mr. Yost also completed an Employees' and Physicians' Report of Injury on October 22, 2019, which indicated that he sustained an injury to the "side of body, back, and leg" on October 21, 2019, when the mantrip he was operating was struck by a track-bolter. The physician's portion of the form was completed by personnel at Fairmont

---

[1] Murray is represented by Aimee M. Stern, Esq. Mr. Yost is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

1

Regional Medical Center, and listed Mr. Yost's diagnoses as a concussion, lumbar strain, sciatica on the right side, cervical strain, and cervical radicular pain.

By order dated November 4, 2019, the claim administrator held the claim compensable for cervical strain, lumbar sprain, and a concussion with loss of consciousness. Mr. Yost was granted an initial period of temporary total disability benefits from October 22, 2019, through November 18, 2019, with additional benefits as supported by medical evidence.

On July 30, 2020, Joseph Grady, II, M.D., conducted an independent medical evaluation ("IME") of Mr. Yost. Mr. Yost reported persistent problems with headaches; difficulty with vision, hearing, and concentration; problems with his balance; and discomfort throughout all four of his extremities. Dr. Grady assessed reported history of concussion with residual post-concussion syndrome, reported history of musculoskeletal neck injury with cervical sprain superimposed upon multilevel cervical degenerative spondylosis, and reported history of musculoskeletal lower back injury with lumbosacral sprain superimposed upon multilevel degenerative spondylosis. Dr. Grady placed Mr. Yost at maximum medical improvement ("MMI") for strain of muscle, fascia, and tendon at neck level, and strain of muscle, fascia, and tendon at lower back. However, Dr. Grady stated that he could not conclude that Mr. Yost was at MMI for concussion with loss of consciousness. Dr. Grady indicated that he would delay an impairment rating until Mr. Yost underwent further evaluation and possible treatment with regard to his concussion and post-concussion syndrome.

On February 5, 2021, Gerald Steiman, M.D., a neurologist, performed an IME of Mr. Yost at the request of Murray. Dr. Steiman placed Mr. Yost at MMI. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Steiman assessed 0% impairment due to aphasia or dysphagia, 0% mental status impairment, 0% impairment related to epilepsy, seizures, and convulsive disorders, and 0% impairment due to cranial nerve, spinal cord, respiratory, urinary bladder function, anorectal dysfunction, sexual function or muscular/peripheral nervous system dysfunction. Dr. Steiman concluded that Mr. Yost showed no evidence to support the presence of a medical impairment for the diagnosis of concussion. On February 10, 2021, the claim administrator issued an order granting no PPD award and closing the claim for PPD benefits, based on Dr. Steiman's IME report.

On February 9, 2022, the claim administrator issued an order acknowledging an Administrative Law Judge's order dated January 28, 2022, which added posttraumatic headaches and post-concessional syndrome as compensable conditions in the claim.

Prasadarao Mukkamala, M.D., performed an IME of Mr. Yost at the request of the claim administrator and issued a report dated December 12, 2022. Mr. Yost reported dizziness, memory loss, and headaches. Dr. Mukkamala diagnosed posttraumatic

headache, post-concussion syndrome, cervical strain, lumbar strain, and concussion with loss of consciousness. Dr. Mukkamala placed Mr. Yost at MMI and indicated that he did not require any additional diagnostic studies or treatment. However, Dr. Mukkamala also noted that Mr. Yost would be unable to return to his previous occupation. Using the *Guides*, Dr. Mukkamala calculated Mr. Yost's impairment rating. Dr. Mukkamala determined that Mr. Yost had 3% impairment for equilibrium and 10% impairment for cerebral dysfunction.

For the cervical spine, Dr. Mukkamala placed Mr. Yost under cervical category II of Table 85-20-E with an allowable range of 5-8%. Dr. Mukkamala adjusted Mr. Yost's impairment rating to 8% WPI, of which he apportioned 4% to preexisting noncompensable spondyloarthropathy and 4% to the compensable injury. For the lumbar spine, Dr. Mukkamala placed Mr. Yost in Lumbar Category II of Table 85-20-C, which he adjusted to 8% impairment. Dr. Mukkamala apportioned 5% of this impairment to preexisting noncompensable degenerative spondyloarthropathy and 3% to the compensable injury.

Dr. Mukkamala combined the 3% equilibrium impairment, 10% cerebral dysfunction impairment, 4% cervical impairment, and 3% lumbar impairment for a total of 19% WPI. On January 3, 2023, the claim administrator issued an order that granted a 19% PPD award based on Dr. Mukkamala's report. Mr. Yost protested this order to the Board.

On September 25, 2023, Bruce Guberman, M.D., performed an IME of Mr. Yost. Dr. Guberman's impression was chronic posttraumatic strain of the cervical spine, chronic posttraumatic strain of the lumbosacral spine, and history of concussion with headaches, disequilibrium, and interference with concentration and memory. Dr. Guberman placed Mr. Yost at MMI. Using the *Guides* and West Virginia Code of State Rules § 85-20 (2006) Dr. Guberman calculated Mr. Yost's impairment rating. Dr. Guberman found that Mr. Yost has 14% WPI for mental status impairment; 5% impairment for his disequilibrium, and 3% impairment for chronic headaches since he requires ongoing medication to maintain his current level of function.

With respect to the cervical spine, Dr. Guberman found 4% impairment from Table 75 and 9% for cervical range of motion abnormalities, for a total of 13% impairment. Dr. Guberman placed Mr. Yost in Cervical Category II of Table 85-20-E, which has a maximum impairment rating of 8%. Dr. Guberman noted degenerative changes on imaging studies but attributed the entire 8% impairment to the compensable injury because there was no evidence that these changes were symptomatic prior to the compensable injury. For the lumbar spine, Dr. Guberman indicated that Mr. Yost had 5% impairment from Table 75 and 6% for range of motion abnormalities, which he combined for 11% WPI. Mr. Yost was classified under Lumbar Category II under Table 85-20-C, which has a maximum impairment rating of 8%. Dr. Guberman noted that although Mr. Yost had imaging evidence of preexisting degenerative changes, there is no evidence that these changes were

symptomatic prior to the injury. Thus, Dr, Guberman attributed all 8% impairment to the compensable injury.

Dr. Guberman combined the 14% impairment for mental status changes, 5% impairment for disequilibrium, 3% impairment for headaches, 8% cervical impairment, and 8% lumbar impairment for a 33% WPI rating. Because Mr. Yost had already received a 19% PPD award, Dr. Guberman recommended an additional 14% PPD award.

On December 2, 2024, the Board issued an order that reversed the claim administrator's order which granted a 19% PPD award, and instead granted an additional 14% PPD award for a total award of 33% PPD. It is from this order that Murray now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Murray argues that the Board was clearly wrong in finding that Dr. Guberman's impairment rating was the most persuasive based solely upon Dr. Mukkamala's apportionment related to Mr. Yost's compensable cervical and lumbar sprains. We disagree.

In Syllabus Point 6 of *Duff v. Kanawha County Commission*, 250 W. Va. 510, 905 S.E.2d 528 (2024), the Supreme Court of Appeals of West Virginia held that:

4

Under West Virginia Code § 23-4-9b (2003), the employer has the burden of proving apportionment is warranted in a workers' compensation case. This requires the employer to prove the claimant "has a definitely ascertainable impairment resulting from" a preexisting condition(s). This requires that employer prove that the preexisting condition(s) contributed to the claimant's overall impairment after the compensable injury and prove the degree of impairment attributable to the claimant's preexisting condition(s).

Here, the Board concluded that Dr. Guberman's finding of 33% WPI for the compensable injuries is credible and persuasive. The Board noted that Dr. Mukkamala apportioned Mr. Yost's lumbar and cervical impairment to preexisting degenerative spondyloarthropathy, although there is no indication that Mr. Yost had any cervical or lumbar symptoms or received treatment for these conditions prior to his compensable injuries. Further, the Board found that Dr. Mukkamala apportioned solely based on imaging studies that showed degenerative changes, which is not a reasonable basis for apportionment. Dr. Mukkamala also did not provide any reasoning or rationale for his decision to apportion. In contrast, Dr. Guberman indicated that apportionment was not appropriate in this case, because Mr. Yost's preexisting degenerative changes were not symptomatic prior to his compensable injuries. The Board cited to Syllabus Point 6 of *Duff*, 250 W. Va. at 512, 905 S.E.2d at 530, and found that Murray did not meet its burden of establishing that Mr. Yost had a definitely ascertainable impairment due to his preexisting condition(s). Thus, the Board found that Dr. Guberman's report was the most reliable and granted Mr. Yost a 33% PPD award.

Upon review, we conclude that Murray did not establish that the Board was clearly wrong in finding that Mr. Yost is entitled to a 33% PPD award based on Dr. Guberman's report. As set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order and granting Mr. Yost an additional 14% PPD award for a total award of 33% PPD.

Accordingly, we affirm the Board's December 2, 2024, order.

Affirmed.

5

**ISSUED:** June 27, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White